IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEEVERNE JAMES,**        ) | |
| ) | |
| **Plaintiff,**        ) | |
| ) | |
| v.        ) | Case No. 1:23-CV-21 |
| ) | |
| **LONNIE OLIVER, et al,**        ) | |
| ) | |
| **Defendants.**        ) | |

**MEMORANDUM ORDER**

This action was received by the Clerk of Court on February 2, 2023. The matter was assigned and later referred to Chief United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

In the operative complaint, Plaintiff, an inmate acting pro se, alleges that his constitutional rights have been violated by multiple Department of Corrections' staff during his incarceration. As Defendants, he names Lonnie Oliver, Patricia Thompson, Jennifer DePlatchett, Carolyn Cheek, Vicki Hammet, Jason Zillman, and Kurt Suesser. In response to the amended complaint, Defendants, all former or current employees of the Department of Corrections, filed a motion to dismiss. ECF No. 33.

On May 14, 2024, Chief Magistrate Judge Lanzillo issued a Report and Recommendation recommending that the pending motion to dismiss be granted in part and denied in part. First, Judge Lanzillo outlined the factual allegations of Plaintiff's amended complaint and

1

characterized the factual allegations as advancing five distinct retaliation claims and one equal protection claim as follows:

1) Defendants Hammet, DePlatchett, Thompson, Olivier, and Cheek retaliated against him for filing the 2016 lawsuit by moving him off of the Honor Unit on August 24, 2021;

2) Defendants DePlatchett, Cheek, and Thompson retaliated against him for filing Grievance 954050 by refusing to move him back to the Honor Unit in April 2022;

3) Defendant Oliver retaliated against him for filing Grievance 954050 by denying his request for an incentive-based transfer ("IBT") in 2022;

4) Defendants DePlatchett, Zillman, Oliver, and Suesser retaliated against him for filing Grievance 991269 by refusing to submit a vote sheet for an IBT;

5) Defendants DePlatchett and Suesser retaliated against him for filing Grievance 997412 by refusing to submit a vote sheet for an IBT; and

6) Defendants Hammet, DePlatchett, Thompson, Oliver, and Cheek violated his Fourteenth Amendment right to equal protection by removing him from the Honor Unit due to lack of employment while allowing other inmates without employment to remain on the unit until they could obtain a job.

ECF No. 42. After analyzing the arguments of Defendants' motion to dismiss, Judge Lanzillo recommended that the motion be denied as to the equal protection claim against Hammet, DePlatchett, Thompson, Oliver, and Cheek. *Id*. He also recommended that the motion be denied relative to two of Plaintiff's retaliation claims: 1) the claim against DePlatchett for refusing to transfer him to the Honor Unit after he obtained employment in October 2021 and 2) the claim against Thompson for directing Cheek not to transfer him because of his recent grievance. *Id*. Dismissal of all other claims was recommended. *Id*.

Although Plaintiff's Objections to the Report and Recommendation were received out of time, they are herein reviewed by the undersigned. In his Objections, Plaintiff takes issue with

2

many of Judge Lanzillo's recommendations[1], but most of the argument centers on Judge Lanzillo's analysis of the retaliation claim based on the adverse action of transferring Plaintiff away from the A/C Honor Unit. Regarding the allegation that Defendants Hammet, DePlatchett, Thompson, Olivier, and Cheek removed Plaintiff from the Honor Unit in retaliation for his filing of a 2016 lawsuit, Judge Lanzillo determined that the 2016 lawsuit was too temporally distant from the August 2021 unit transfer to support a prima facie claim of retaliation. He also concluded that Plaintiff failed to present sufficient facts to establish any "other evidence" of retaliatory intent.

      Plaintiff objects to this recommendation and suggests that "causation can be referred [sic] from based off the record as a whole." ECF No. 49, page 2.  Plaintiff asks this Court to "view[] the record with a much wider lens" and points to a catalog of ways that retaliatory animus based on the 2016 lawsuit can be connected to the 2021 removal from the Honor Unit. ECF No. 49, pages 2-6. Plaintiff's examples of retaliatory animus miss the mark. Ten of the eleven examples occurred after the removal from the Honor Unit and so cannot serve as the requisite causal connection sufficient to state a retaliation claim. The single remaining example cited by Plaintiff, Hammett's mention of "filing lawsuits" when Plaintiff moved on to the Honor Unit and Plaintiff's removal from the unit forty days later, was specifically addressed by Judge Lanzillo who opined that Plaintiff's

---

[1] While all of Plaintiff's Objections have been reviewed, not all need to be specifically addressed herein as a district court is not required to make any separate findings or conclusions when reviewing a recommendation *de novo* under 28 U.S.C. § 636. *See Hill v. Barnacle*, 655 Fed. App'x 142, 148 (3d Cir. 2016) ("District courts are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b). We presume that the District Court engaged in the required *de novo* review absent some indication to the contrary. There is no such indication here because the District Court noted Hill's objections and stated that it reviewed the record independently.") (internal citation omitted).

> "attempt to infer retaliatory animus on the part of Defendants based on protected activity directed at other individuals is similarly flawed. The absence of any current Defendant's association with the prior lawsuit combined with the significant lapse of time between the prior lawsuit and the alleged retaliatory action in this case belie any causal connection between the two."

ECF No. 42, p.10. The undersigned agrees with Judge Lanzillo's legal analysis. *See Horan v. Collins*, 2016 WL 5030468, at *6 (M.D. Pa. Aug. 8, 2016) ("Courts in civil rights cases have frequently rebuffed speculative efforts to infer causation from temporal proximity when a span of weeks, months or years separated the plaintiff's constitutionally protected conduct from the defendants' alleged acts of retaliation."). Because Plaintiff has added nothing through his present arguments, his objections are without merit in this regard.

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) *quoting* 28 U.S.C. § 636(b)(1). Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Local Rule 72(D)(2).

After *de novo* review of the documents in the case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 31st day of March 2025;

IT IS ORDERED that the motion to dismiss [ECF No. 33] is granted in part and denied in part. Specifically, Defendants' motion is denied as to:

4

      1) James' retaliation claims against DePlatchett for refusing to transfer him to the Honor Unit after he obtained employment in October 2021;

      2) James' retaliation claim against Thompson for directing Cheek not to transfer James because of his recent grievance; and

      3) James' equal protection claim against Hammet, DePlatchett, Thompson, Oliver, and Cheek.

The motion to dismiss is granted as to all other claims. The Clerk is hereby directed to terminate Defendants Suesser and Zillman as parties to this action.

      AND IT IS FURTHER ORDERED that the report and recommendation of Chief Magistrate Judge Lanzillo, issued on May 14, 2024 [ECF No. 42] is adopted as the opinion of this Court.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge